**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| MINERVA MARINE, INC., | § | |
| | § | |
| **Plaintiff** | § | NO. 22-cv-2184 |
| | § | |
| **v.** | § | FED. R. CIV. P. 9(h) |
| | § | |
| POSEIDON SERVICES S.A., | § | ADMIRALTY |
| | § | |
| **Defendant.** | § | |

## ORIGINAL VERIFIED COMPLAINT

Plaintiff MINERVA MARINE INC. (hereinafter "Plaintiff" or "Minerva"), by its undersigned counsel, as and for its Verified Complaint against the Defendant POSEIDON SERVICES S.A. (hereinafter "Poseidon"), avers and pleads as follows:

## I. JURISDICTION, VENUE AND PARTIES

1.       This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of maritime contract for the procurement of maritime services, *i.e.* a port agent's services needed in order to load cargoes of crude oil.  This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provision of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").

2.       At all times material hereto, Plaintiff was and still is a foreign business entity registered in the Marshall Islands, having lawfully established an office at 141-143 Vouliagmenis Avenue, Voula, Greece, acting for and on behalf of owning companies of vessels under its management.

3.       At all times material hereto, Defendant Poseidon was and still is a foreign business entity, which is established and carrying on business in Venezuela.

4.      The jurisdiction of this Honorable Court is founded on the presence within the District of property belonging to the Defendant, *i.e.*, bank accounts belonging to defendant located in New Orleans, Louisiana, which may be attached in the hands of the garnishee, Hancock Whitney Bank, by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules, as pled in Section III of this Verified Complaint.

## II.   THE SUBSTANTIVE CLAIMS

5.      On or about July 05, 2019, Plaintiff Minerva, as agents of the registered owner, and manager of the motor tanker MINERVA ELEONORA (hereinafter "ELEONORA"), appointed Defendant Poseidon as its local agent in Puerto Miranda, Venezuela. A copy of the Poseidon Notice of Appointment for the ELEONORA is attached hereto as **Exhibit 1**. Defendant was to act as Plaintiff's local ship agent to procure and arrange for the furnishing of all services necessary in order to allow the respective vessel to load a cargo of oil for export from Venezuela.

6.      On or about July 16, 2019, Plaintiff advanced EUR 510,500 to Poseidon's nominated bank account held at Banesco Panama Bank to pay various anticipated pilotage and port fees, expenses and costs while the ELEONORA was in Puerto Miranda.  At the time the transfer was made, and according to Defendant's bank, Banesco Panama Bank, the amount transferred at the relevant exchange rate as of July 20, 2019 was USD 563,847.25[1]. A copy of the Poseidon Proforma Disbursement Account statement for the ELEONORA is attached hereto as **Exhibit 2**.   A copy of Plaintiff's payment disbursement transfer details regarding the ELEONORA are attached hereto as **Exhibit 3.**

7.      The ELEONORA called Puerto Miranda from August 8th to August 13th, 2019.

---

[1] Exhibit 4.

8.      As authorized, Defendant Poseidon used Plaintiff's payment advance to pay some, but not all, of the expenses and costs incurred by the ELEONORA while in Puerto Miranda.  In this regard, Poseidon presented Plaintiff with a Final Disbursement Account statement detailing all of the costs and expenses for the ELEONORA on October 1, 2019.  A copy is attached hereto as **Exhibit 4.**

9**.**      The Final Disbursement Account statement for the ELEONORA shows disbursements for pilotage fees and other associated fees and costs. *Id.* According to Exhibit 4, the payments purportedly made by Poseidon on behalf of the ELEONORA totaled EUR 430,982.60, with a balance of EUR 79,517.40 due to be refunded to Plaintiff. *Id.*

10.      Defendant Poseidon represented to Plaintiff that Poseidon was expecting additional invoices for the ELEONORA from the Instituto Nacional de los Espacios Acuaticos, or "INEA", the local maritime authority in Venezuela that provides pilotage services, among other things, to vessels calling ports in Venezuela.  Defendant could provide Plaintiff no specific information or timeframe for these additional invoices from INEA to be received.  Thus, Plaintiff demanded return of the disbursement account balance for the ELEONORA totaling EUR 79,517.40.    However, Defendant Poseidon has failed, refused and/or neglected to return Plaintiff's EUR 79,517.40.

11.      Subsequently, Plaintiff received a statement and debt collection notice from INEA for the ELEONORA in the amount of EUR 66,612.46. A copy of the debt collection notice from INEA is attached hereto as **Exhibit 5.** Accordingly, not only has Defendant failed to return the balance of EUR 79,517.40 due and owing to Plaintiff, but Defendant has also failed to pay the pilotage services that Defendant already deducted from Plaintiff's disbursement account for the ELEONORA.

12.     Similarly, on or about August 30, 2019, Plaintiff Minerva, as agents of the registered owner, and manager of the motor tanker MINERVA KARTERIA (hereinafter "KARTERIA"), appointed Defendant Poseidon as its local agent in Puerto Miranda, Venezuela. A copy of the Poseidon Notice of Appointment for the KARTERIA is attached hereto as **Exhibit 6**. Defendant was again to act as Plaintiff's local ship agent to procure and arrange for the furnishing of all services necessary in order to allow the respective vessel to load a cargo of oil for export from Venezuela.

13.     On or about September 4, 2019, Plaintiff advanced EUR 567,400 to Poseidon's nominated bank account held at Banesco Panama Bank to pay the various anticipated pilotage and port fees, expenses and costs for the KARTERIA while in Puerto Miranda.  At the time the transfer was made, and according to Defendant's bank, Banesco Panama Bank, the amount transferred at the relevant exchange rate as of September 13, 2019 was USD 614,494.20[2]. A copy of the Poseidon Proforma Disbursement Account for the KARTERIA is attached hereto as **Exhibit 7.** A copy of Plaintiff's payment disbursement transfer details for the KARTERIA is attached hereto as **Exhibit 8.**

14.     The KARTERIA called Puerto Miranda from September 5th to September 10th, 2019.

15.     As authorized, Defendant Poseidon used Plaintiff's payment advance to pay some, but not all, of the expenses and costs incurred by the KARTERIA while in Puerto Miranda.  Poseidon presented Plaintiff with a Final Disbursement Account statement detailing all of the costs and expenses for the KARTERIA on October 1, 2019.  A copy is attached hereto as **Exhibit 9.**

---

[2] Exhibit 9.

16**.**     The Final Disbursement Account statement for the KARTERIA shows a disbursement for pilotage fees and other associated fees and costs. *Id.* According to Exhibit 9, the payments purportedly made by Poseidon on behalf of the KARTERIA totaled EUR 432,858.79, with a balance of EUR 134,541.21 due to be refunded to Plaintiff. *Id.*

17.     Again, Defendant Poseidon represented to Plaintiff that Poseidon was expecting additional invoices for the KARTERIA from INEA.  As noted above, however, Defendant did not provide Plaintiff specific information or a timeframe during which these additional invoices from INEA would be received.  Plaintiff demanded return of the disbursement account balance for the KARTERIA totaling EUR 134,541.21.  However, Defendant Poseidon has failed, refused and/or neglected to refund Plaintiff the remaining balance of EUR 134,541.21.

18.     The debt collection notice Plaintiff received from INEA for the KARTERIA demands payment in the amount of EUR 67,452.85. *See* Exhibit 5**.** Accordingly, not only has Defendant failed to return the balance of EUR 134,541.21 due and owing to Plaintiff, Defendant has also failed to pay the necessary pilotage services and other associated fees and costs for which it has already deducted from Plaintiff's disbursement account for the KARTERIA.

19.     Moreover, Defendant has also failed to make payment to INEA for two other vessels that Plaintiff manages that called at Puerto Miranda, *i.e* the MINERVA LIBRA (hereinafter "LIBRA") and the MINVERA ZENIA (hereinafter "ZENIA").  In this regard, on or about April 16, 2019, Plaintiff, as agents of the registered owner, and manager of the LIBRA, appointed Defendant Poseidon as its local agent in Puerto Miranda, Venezuela.  A copy of the Poseidon Notice of Appointment for the LIBRA is attached hereto as **Exhibit 10**.  Just like with the ELEONORA and the KARTERIA, Defendant was to act as Plaintiff's local ship agent to

procure and arrange for the furnishing of all services necessary in order to allow the respective vessels to load a cargo of oil for export from Venezuela.

20.     On or about April 18, 2019, Plaintiff advanced EUR 556,000 to Poseidon's nominated bank account held at Banesco Panama Bank to pay various anticipated pilotage and port fees, expenses and costs while the LIBRA was in Puerto Miranda for the purpose of loading a cargo of crude oil. A copy of Plaintiff's payment disbursement transfer details for the LIBRA are attached hereto as **Exhibit 11.**

21.     Defendant Poseidon purportedly used Plaintiff's payment advances to pay the port fees, expenses and costs incurred by the LIBRA while in Puerto Miranda. Poseidon presented Plaintiff with a Final Disbursement Account statement detailing all of the costs and expenses for the LIBRA on May 29, 2019.  A copy is attached hereto as **Exhibit 12.**

22**.**     The Final Disbursement Account statement for the LIBRA shows a disbursement for pilotage fees and other associated fees and costs. *Id.* According to Exhibit 12, the payments purportedly made by Poseidon on behalf of the LIBRA totaled EUR 569,233.30, with a balance of EUR 13,233.30 due to Poseidon from Plaintiff. *Id.*

23.     On or about June 6, 2019, Plaintiff, as agents of the registered owner, and manager of the ZENIA, appointed Defendant Poseidon as its local agent in Puerto Miranda, Venezuela. A copy of the Poseidon Notice of Appointment for the ZENIA is attached hereto as **Exhibit 13**.

24.     On or about June 7, 2019, Plaintiff advanced EUR 560,000 to Poseidon's nominated bank account held at Banesco Panama Bank to pay various anticipated pilotage and port fees, expenses and costs while the ZENIA was in Puerto Miranda in order to load a cargo of

crude oil. A copy of Plaintiff's payment disbursement transfer details for the LIBRA are attached hereto as **Exhibit 14.**

25.     Defendant Poseidon purportedly used Plaintiff's payment advances for the ZENIA to pay the port fees, expenses and costs she incurred while in Puerto Miranda. Again, Poseidon presented Plaintiff with a Final Disbursement Account statement detailing all of the costs and expenses for the ZENIA on July 11, 2019.  A copy is attached hereto as **Exhibit 15.**

26**.**     The Final Disbursement Account statement for the ZENIA shows a disbursement for pilotage fees and other associated fees and costs. *Id.* According to Exhibit 15, the payments purportedly made by Poseidon on behalf of the ZENIA totaled EUR 565,155.58, with a balance of EUR 5,750.68 due to be refunded to Plaintiff. *Id.*

27.     Poseidon, again, failed, refused and/or neglected to make payment to INEA for the LIBRA and ZENIA, despite the respective disbursement account statements showing disbursements for pilotage and other associated fees and costs. Accordingly, Plaintiff received a statement and debt collection notice from INEA for the LIBRA demanding payment in the amount of EUR 36,097.00 and the ZENIA in the amount EUR 64,801.65. *See* Exhibit 5**.**

28.     The amounts due to INEA on behalf of the four above named vessels total EUR 234,963.96.  However, despite Plaintiff's repeated demands that Poseidon make payment to INEA, Defendant has failed, refused and/or neglected to do so.

29.     Plaintiff's damages to date are calculated as follows:

A.     Refund due for ELEONORA:               $87,826.96[3]

B.     Refund due for KARTERIA:               $145,708.12[4]

C.     Offset/Credit for ZENIA and LIBRA:     ($19,787)[5]

---

[3] See Defendant Poseidon's Final Disbursement Account statement for the ELEONORA at Exhibit 4
[4] See Defendant Poseidon's Final Disbursement Account statement for the KARTERIA at Exhibit 9

D.      Amount Due to INEA Defendant failed to pay:      $244,902.93[6]

E.      Estimated Prejudgment Interest on Unpaid Amounts:$61,118.58[7]

F.      **TOTAL:**                                                **$519,769.59**

30.      Therefore, Plaintiff Minerva's total claim for breach of the maritime contract against Defendant Poseidon is **USD 519,769.59.**

### III. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

31.      Plaintiff has a maritime claim arising out of the breach of maritime contracts as pled herein.

32.      The Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Law Claims of the Federal Rules of Civil Procedure and Defendant is believed to have or will have during the pendency of this action certain assets, credits, effects, deposits in banks held for the benefit of the Defendant within this District by various parties, as garnishees.   *See Attorney Declaration of George A. Gaitas* attached hereto as **Exhibit 16**.

33.      Defendant is believed to have within the District property, to wit bank accounts containing funds belonging to Defendant maintained at Hancock Whitney Bank in New Orleans, Louisiana that may be attached as security for Plaintiff's maritime claims in the hands of the said bank as garnishee.

34.      There is no statutory or maritime law bar to Plaintiff's attachment of Defendant's property in the hands of the garnishee named in the writ of attachment.

---

[5] Using a July 3, 2022 exchange rate of USD 1.0423 as reported by Bloomberg.
[6] Using a July 3, 2022 exchange rate of USD 1.0423 as reported by Bloomberg.
[7] Calculated on 948 days at 5%

35.     The total amount of security sought pursuant to Supplemental Rule B is **USD 519,769.59.**

WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction issue against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint;

B.      That if Defendant cannot be found within this district, then all of its respective property within this district, including debts, credits, or effects including but not limited to bank accounts, checks, disbursement advances, and payments belonging to the said Defendant located in the hands of persons named as garnishees in the Process of Maritime Attachment and Garnishment be attached, garnished and seized pursuant to Supplemental Admiralty Rule B in an amount up to **USD 519,769.59**;

C.      That a judgment be entered against the Defendant and the proceeds of the assets attached be applied in satisfaction thereof;

D.      That the Court grant such other and further relief as it deems, just, equitable and proper.

Respectfully submitted,

Dated: July 15, 2022                        GAITAS & CHALOS, P.C.
Houston, TX

By:      /s/George A. Gaitas
         George A. Gaitas
         Louisiana State Bar No. 05879
         Federal Bar No. 705176
         Jonathan M. Chalos
         Federal Bar No. 3008683
         *Pro Hac Vice Forthcoming*
         1908 N. Memorial Way
         Houston, Texas 77007
         Telephone: 281-501-1800
         Fax: 832-962-8178
         E-mail:gaitas@gkclaw.com

9

chalos@gkclaw.com

*Attorneys for Plaintiff*
Minerva Marine, Inc.